# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | |
|---|---|
| JENNY LEIGH LEBLANC, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No. 3:15-cv-00630 |
| v. ) | Senior Judge Haynes |
| ) | |
| SUNTRUST BANK and SEDGWICK CLAIMS, ) | |
| MANAGEMENT SERVICES, INC. ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM

Plaintiff, Jenny Leigh LeBlanc, originally filed this action in Davidson County Circuit Court against Defendant SunTrust Bank ("SunTrust"), her former employer, and Sedgwick Claims Management Services, Inc. ("Sedgwick"), the administrator of SunTrust's employee benefits plan. Plaintiff asserts Tennessee state law claims for breach of contract and breach of the duty of good faith and fair dealing against SunTrust, and claims for inducement of breach of contract under Tenn. Code Ann. § 47-50-109, breach of the duty of good faith and fair dealing, and negligence against Sedgwick. Defendants removed this action to this Court under 28 U.S.C. § 1331, the federal question statute, contending that Plaintiff's claims were preempted by the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1001 et seq. ("ERISA").

Before the Court is Plaintiff's motion to remand to state court (Docket Entry No. 14), contending, in sum, that Plaintiff's claims arise under Defendants' short term disability ("STD") plan, a payroll practice that is not governed by ERISA, and thus, this action should not have been removed to federal court. In response, Defendants contend that ERISA preempts Plaintiff's state law

claims, as Plaintiff seeks long term disability ("LTD") benefits under an ERISA-governed plan and to obtain a determination that she is entitled to these benefits.

For the reasons set forth below, the Court concludes that Plaintiff's motion to remand to state court should be granted. Plaintiff did not file a claim for LTD benefits under an ERISA-governed plan. There is not an administrator's plan to review and Plaintiff also seeks damages from the individual Defendants for state law violations concerning the denial of STD benefits under a non-ERISA plan, not the ERISA Plan.

On August 30, 2010, Defendant SunTrust hired Plaintiff as a consumer lending support specialist. (Docket Entry No. 1-1 at ¶ 8). As an employment benefit program, SunTrust provides that STD benefits can be awarded for up to twenty-five weeks per illness or injury. Id. at ¶ 4. STD is designed to bridge full-time employees to LTD. Id. Employees must be approved for STD through the 25 week waiting period to qualify for LTD. Id. SunTrust provides STD benefits as a payroll practice, not as an employee benefit plan governed by ERISA. Id. at ¶¶ 6-7.

On February 19, 2014, Plaintiff filed a claim for STD benefits. Id. at ¶ 15. Plaintiff's last day at work was February 24, 2014. Id. at ¶ 16. Plaintiff was approved for STD from March 4, 2014 to May 20, 2014. Id. at ¶¶ 18-21. On June 2, 2014, Plaintiff received a letter from Defendant Sedgwick, stating that her claim for STD benefits from May 21, 2014 until her return to work was denied. Id. at ¶ 25. Plaintiff's appeal of her denial was denied on July 21, 2014. Id. at ¶¶ 30, 35. On September 16, 2014, SunTrust terminated Plaintiff for failure to return from leave. Id. at ¶ 46.

Plaintiff asserts that her claim is for breach of contract to receive STD benefits and does not involve an ERISA plan or LTD benefits. As a measure of damages, Plaintiff includes the potential

2

loss of LTD benefits as a result of her inability to apply for LTD benefits because of Defendants' alleged conduct.

ERISA has a payroll practice exception. 29 C.F.R. 2510.3-1(b). "Under the 'payroll practice' exception ... 'normal compensation' paid to an employee as a result of a disability and from 'the employer's general assets' does not constitute an employee welfare benefit plan, but instead is considered a 'payroll practice.' Such practices are not regulated by ERISA." Walker v. Toyota Motor Mfg., Ky., Inc., 2008 WL 2725802, at *4 (E.D. Ky. July 10, 2008) (quoting Langley v. DaimlerChrysler Corp., 502 F.3d 475, 479 (6th Cir. 2007)) (internal quotation marks omitted).

Defendants admit that the STD plan is a payroll practice; that STD is not governed by ERISA; and that Plaintiff was required to qualify for 25 weeks of STD before she could qualify for LTD. (Docket Entry No. 13, Answer, at ¶¶ 4, 6-7). Defendants argue, however, that although Plaintiff sued over denial of STD benefits, Plaintiff's state law claims actually seek recovery of LTD benefits governed by an ERISA plan and are therefore preempted under ERISA.

"The Supreme Court has held that state common law claims for benefits under an employee benefit plan regulated by ERISA are preempted as long as the lawsuit relates to an employee benefit plan. However, only if the claim is 'complete[ly] preempt[ed]' by ERISA, that is, when the action is to recover benefits, enforce rights or clarify future benefits under an ERISA plan, is the action subject to removal to the federal courts." Wright v. Gen. Motors, 262 F.3d 610, 613 (6th Cir. 2001) (quoting Warner v. Ford Motor Co., 46 F.3d 531, 534 (6th Cir. 1995)) (citation omitted).

"ERISA contains an express-preemption clause, 29 U.S.C. § 1144(a), which states that '[e]xcept as provided in subsection (b) of this section, the provisions of [ERISA] shall supersede any and all State laws insofar as they ... relate to any employee benefit plan described in section 1003(a)

3

of this title and not exempt under section 1003(b)[.]'" Byars v. Greenway, No. 14-1181, 2014 WL 7335694, at *3 (W.D. Tenn. Dec. 19, 2014). "[Section] 1144(a) does not create complete preemption; however, ERISA's civil enforcement provision contained in § 1132(a)(1)(B) does." Id. at *4; Gardner v. Heartland Indus. Partners, LP, 715 F.3d 609, 612 (6th Cir. 2013) ("That a state-law claim is preempted under § 1144(a) is no basis to remove the case from state court to federal."). Section 1132(a)(1)(B) states: "A civil action may be brought ... by a participant or beneficiary ... to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan[.]"

Complete preemption "is best understood as a jurisdictional doctrine. It applies where the pre-emptive force of a statute is so 'extraordinary' that it 'converts an ordinary state common-law complaint into one stating a federal claim for purposes of the well-pleaded complaint rule.' The Court is therefore 'required to look beyond the face of [a] plaintiff's allegations and the labels used to describe her claims and [must] evaluate the *substance* of [the] claims.'" Byars, 2014 WL 7335694, at *3 (quoting Caterpillar Inc. v. Williams, 482 U.S. 386, 393 (1987) and Paul v. Kaiser Found. Health Plan of Ohio, 701 F.3d 514, 519 (6th Cir. 2012) (emphasis in original)) (citations and internal quotation marks omitted).

As to Plaintiff's claim that she was prevented from qualifying for LTD benefits, such a claim becomes subject to complete preemption and removal only if it arises under 29 U.S.C. § 1132. Warner, 46 F.3d at 534. "The issue here is whether Plaintiff['s] state-law 'tortious interference with contractual relations' claim is within the scope of § 1132(a)(1)(B) for purposes of this rule. A claim is within the scope of § 1132(a)(1)(B) for that purpose if two requirements are met: (1) the plaintiff complains about the denial of benefits to which [s]he is entitled 'only because of the terms of an

4

ERISA-regulated employee benefit plan;' and (2) the plaintiff does not allege the violation of any 'legal duty (state or federal) independent of ERISA or the plan terms[.]'" Gardner, 715 F.3d at 613 (quoting Aetna Health Inc. v. Davila, 542 U.S. 200, 210 (2004)). "Phrased differently, if Plaintiff, 'at some point in time, could have brought h[er] claim under ERISA' and 'there is no other independent legal duty that is implicated by [Defendants'] actions,' complete preemption exists." Byars, 2014 WL 7335694, at *4 (quoting Loffredo v. Daimler AG, 500 F.App'x 491, 501 (6th Cir. 2012)) (citation and internal quotation marks omitted)).

Yet, "[c]omplete preemption does not occur every time a complaint mentions an ERISA plan. Where a plaintiff includes plan benefits as 'simply a reference to specific, ascertainable damages she claims to have suffered as a proximate result of' a defendant's tortious conduct, complete preemption under § 1132 does not apply." Id. (quoting Wright, 262 F.3d at 615). See also Marks v. Newcourt Credit Group, Inc., 342 F.3d 444, 453 (6th Cir. 2003) ("Because he seeks damages equaling the benefits he would have received under the plan, it seems at first glance that his claims relate to an ERISA benefit plan. However, a close reading of Marks's complaint reveals that the reference to plan benefits was only a way to articulate 'specific, ascertainable damages.'" (citing Wright, 262 F.3d at 615)); Byars, 2014 WL 7335694, at *4 ("Benefits are only relevant here as a measure of damages, and any recovery would come from Defendants' assets. Therefore, ERISA does not completely preempt Plaintiff's state law cause of action.") (citing Gardner, 715 F.3d at 613-14).

In Deschamps v. Bridgestone Americas, Inc. Salaried Employees Ret. Plan, No. 3:12-cv-0086, 2014 WL 1287173, at *6 (M.D. Tenn. Mar. 28, 2014), report and recommendation adopted, 2014 WL1575661 (M.D. Tenn. Apr. 21, 2014), the Court recognized an independent claim for

5

breach of contract, where an employee also sued for ERISA rights, that was not related to the defendants' ERISA Plan, stating:

> If Plaintiff is ultimately denied benefits under the Plan but prevails against the corporate Defendants, no "mandate" will arise that affects the "structure .. or administration" of the Plan itself. Neither will any monetary damages established by the application of the Plan language impose an obligation on the Plan. Rather, any "alternate enforcement mechanism" provided by Plaintiff's breach of contract claims is related to the obligations arising from the contract between the Corporate Defendants and Plaintiff. Thus, satisfaction of those obligations is the responsibility of the Corporate Defendants rather than the Plan. Finally, Plaintiff's breach of contract claims against the Corporate Defendants will do nothing to "bind [the Corporate Defendants] or plan administrators to particular choices" regarding *any* Plan administrative practices. Rather, a decision in this context will only bind the Corporate Defendants to any promises that they made to induce Plaintiff to accept their offer of intra-company transfer.

Id.

Here, Plaintiff's claims are not based on the terms of an ERISA-regulated plan; she asserts claims related to the STD benefits plan that is not governed by ERISA. Plaintiff could not bring her claims under ERISA because she was unable to qualify for LTD benefits once her STD benefits were denied. Thus, Plaintiff did not ever apply for LTD benefits, she did not receive a denial of LTD benefits and there is not an administrative record to review. Further, Plaintiff seeks damages from the individual Defendants, not from the LTD Plan's assets.

Accordingly, for these reasons, the Court concludes that Plaintiff's motion for remand (Docket Entry No. 14) should be granted and Defendant's partial motion to dismiss and motion to strike (Docket Entry No. 12) should be denied without prejudice.

An appropriate Order is filed herewith.

**ENTERED** this the 24th day of August, 2015.

WILLIAM J. HAYNES, JR.
Senior United States District Judge